```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
PATRICIA HOLLOMON,                                          04-CV-2964 (NG) (JMA)

                    Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY                             OPINION AND ORDER
DEPARTMENT OF CORRECTIONS,
MARTIN F. HORN,
KARLIEF M. JONES-BOYD,
LAWRENCE BERTON,
and JOHN DOES 1-5,

                    Defendants.
-----------------------------------------------------x
```

**GERSHON, United States District Judge:**

Plaintiff Patricia Hollomon filed an action against defendants City of New York ("City"), New York City Department of Correction ("DOC"), Commissioner Martin Horn, (collectively "City Defendants"), Karlief M. Jones-Boyd, a DOC captain, Lawrence Berton, a former DOC captain, and John Does 1-5. Plaintiff alleges (1) failure to grant reasonable accommodation and (2) discrimination based on pregnancy status and/or temporary disability resulting from her pregnancy in violation of the Pregnancy Discrimination Act of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII"); 42 U.S.C. § 1983; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 *et. seq.*. Plaintiff also alleges retaliation in response to filing a complaint of pregnancy discrimination with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC"), in violation of Title VII, the

1

NYSHRL and the NYCHRL.

The City, DOC, and Commissioner Horn ("City Defendants") now move to dismiss all claims with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), arguing that (1) plaintiff failed to timely serve the Complaint according to the requirements of Federal Rule of Civil Procedure 4(m); (2) Commissioner Horn cannot be held individually liable under Title VII; and (3) plaintiff's retaliation claims fail as a matter of law because plaintiff cannot establish that she has been subject to an adverse employment action.[1]

As set forth below, at the time the Complaint was filed, the three year statute of limitations for Section 1983 claims and for NYSHRL and NYCHRL discrimination claims had expired, and these claims will therefore be dismissed. Additionally, the Title VII claims against the individual defendant will be dismissed. As to the remaining Title VII claims, a discretionary extension of the time to serve process will be granted. Finally, the motion to dismiss will be denied as to the Title VII, NYSHRL and NYCHRL retaliation claims against defendants City and DOC and as to the NYSHRL and NYCHRL retaliation claims against individual defendant Horn.

## PROCEDURAL HISTORY

Plaintiff filed her Complaint on July 14, 2004. It is undisputed that service did not occur until December 7, 2004, some twenty-five days after expiration of the 120 day period for service of process.

In a letter to the court dated April 12, 2005, plaintiff's counsel acknowledged that the twenty-five day delayed service was due to an "oversight." City Defendants moved to dismiss on August

---

[1] Defendants Boyd and Berton have not appeared. The Office of the Corporation Counsel asserts that the Office did not accept service upon defendants Boyd and Berton because plaintiff did not properly serve them at their commands.

17, 2005. In a letter to the court dated August 30, 2005, plaintiff's counsel reported that he had health problems and requested an additional thirty days to respond to City Defendants' motion to dismiss or leave to withdraw as counsel. When repeated efforts to contact plaintiff's counsel failed, the court, by Order dated December 28, 2005, allowed plaintiff's counsel to withdraw from the case and directed plaintiff to secure new counsel, as she wished to do, or to file a response *pro se* by February 6, 2006. On February 6, 2006, plaintiff requested an extension to retain counsel. The request was granted by Order dated February 9, 2006 and plaintiff was given until March 27, 2006 to file her response to the motion to dismiss. Plaintiff did not retain new counsel. She has submitted to the court a signed, but otherwise blank, form in opposition to the motion to dismiss.

## FACTS

The Complaint contains the following allegations:

Plaintiff, an African-American female, is a Corrections Officer for the DOC's Rikers Island Facility ("Rikers"). Complaint ¶¶ 5, 6, 20. She was hired in November 1996 and her duties included maintaining order at the inmate facility, ensuring that inmates did not breach the rules, desk work and other tasks. Complaint ¶ 20. In March 2001, plaintiff informed the DOC's Health Management Division that she was pregnant and, in late May 2001, she was categorized as MMR III, the "most serious category of restrictive duty." Complaint ¶¶ 22, 23. The Health Management Division advised that she should not lift, pull, respond to alarms, stand for a prolonged time or have inmate contact, and she was then assigned to the General Office at a Rikers building facility. Complaint ¶¶ 23, 24.

On or about June 28, 2001, defendants City, DOC, Boyd and Berton engaged in discriminatory acts and failed to reasonably accommodate the temporary disabilities caused by her pregnancy. Complaint ¶¶ 18, 26, 39. Specifically, plaintiff alleges that Boyd and Berton

3

"intentionally and maliciously" assigned plaintiff to the Sallyport Security Exterior post when there were other available corrections officers who were not on MMR III status. Complaint ¶ 26(a). The job entailed "[ensuring] that vehicles entering part of Rikers do not carry in contraband, inmates do not escape from vehicles leaving the compound, vehicles are thoroughly searched by visual inspection of the undercarriage of the vehicles" and "engaging in pat frisk searches of vehicle occupants and open[ing] and clos[ing] trunks, among other things[.]" Complaint ¶ 26(a). Boyd and Berton were fully aware that plaintiff was three and a half months pregnant and, contrary to her restrictions, the security post duties, including the walk to the post, would require her to stand and possibly encounter inmates. Complaint ¶ 26(b), (e). Plaintiff further alleges that she was visibly wearing maternity clothes and placed at the security post without uniform, that Boyd and Berton dismissed her repeated protests that she not be assigned to the post, that Berton told her he "did not like 'her attitude,'" and that Boyd and Berton were aware that the security post lacked water, air conditioning and a bathroom and that she would be there for an extended period of time. Complaint ¶ 26(c), (d), (f).

"[A]s a result of having to be outside that day without water or use of any bathroom for approximately 3.5 hours or more" in 92 degree heat, plaintiff felt ill, requested medical attention, and went to the hospital, where she was diagnosed as suffering from dehydration. Complaint ¶ 26(b), (g), (h). Plaintiff also claims that she has suffered from "severe emotional trauma which negatively altered the terms and conditions of her employment." Complaint ¶ 26(i).

On or about January 10, 2002, plaintiff filed a charge of discrimination regarding the June 28, 2001 incident with the New York State Division of Human Rights and the EEOC. Complaint ¶ 28. She received a right to sue letter from the EEOC on April 15, 2004. Complaint ¶ 2. Plaintiff

asserts that, before this date, the only discipline she had received was for one, and possibly a few other, minor infractions. Complaint ¶ 29. Plaintiff alleges that defendants Horn and John Does 1-5 then engaged in retaliatory acts in response to the filing of the charge of discrimination. Complaint ¶ 31. Specifically, she maintains that she was denied requested "Steady Tours," although other employees who had returned from maternity leave but had not engaged in protected activity were granted such tours as a result of their conditions. Complaint ¶ 31(a)(i). Plaintiff also asserts that she was assigned to areas with potential or actual inmate contact even when she was still classified as MMR III, and that she was "micro-managed" and singled out for criticism. Complaint ¶ 31(a)(ii), (iii). As evidence of further retaliation, plaintiff alleges that when she returned to full duty on or about October 4, 2002, she was disproportionately disciplined by John Does 1-5. Complaint ¶ 31(b), (c). She was assessed with twenty-three disciplinary charges, suspended for thirty days without pay and faced termination pending an administrative hearing. Complaint ¶ 31(c). The matter was then settled and, in a plea agreement dated July 23, 2003, plaintiff agreed to accept a thirty day suspension with credit for time served. Complaint ¶ 31(d). Plaintiff alleges that "as a pretext for unlawful retaliation," Horn added a one year probation for her alleged false documentation and/or making false statements to the terms of the settlement he rejected. Complaint ¶ 31(g), (h). Additionally, plaintiff was placed on "modified duty" for about four months, a discipline she claims is reserved for much more serious infractions, such as corrections officers who used "excessive force on inmates" or who have had "sexual relationships with inmates." Complaint ¶ 31(f).

## DISCUSSION

**I. Late Service of Process**

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, an action is dismissable if service of process was not made in accordance with Rule 4(m). Rule 4(m) allows for dismissal if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. The statute of limitations for the underlying claim is tolled during the 120 day period and, if service is not complete by the end of the 120 days, the statute of limitations again becomes applicable. *See Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990). City Defendants argue that the entire Complaint should be dismissed with prejudice because, "[a]lthough a dismissal pursuant to Rule 4(m) is without prejudice, it effectively functions as a dismissal with prejudice when the statute of limitations has expired." City Defts.' Br. at 7.

Under Rule 4(m), if a plaintiff shows good cause for the failure to serve within 120 days, the court shall extend the time for service for an appropriate period. "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). However, "[a] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *Id.* at 108; *see also Beauvoir v. United States Secret Service*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006); *Roy's 860 Flatbush Variety Corp. v. Federal Emergency Mgmt. Agency*, 1993 U.S. Dist. LEXIS 13966, at *7 (S.D.N.Y. Oct. 5, 1993). Here, although plaintiff's counsel states in a letter to the court that his failure to serve process within 120 days was an "oversight" and that he "failed to enter the deadline for service of complaint in [his] calendar," which would not constitute good cause, other letters indicate that plaintiff's counsel was

6

suffering from mental illness, and it is reasonable to infer from the record before the court that illness, not mere attorney mistake, was the cause of plaintiff's counsel's failures. On the record before the court, that illness would constitute good cause.

Even without a finding of good cause, pursuant to the 1993 amendments to Rule 4(m), the court has the authority to exercise discretion to deny dismissal. *See* Advisory Committee Notes to *Fed. R. Civ. P. 4(m)*; *Beauvoir*, 234 F.R.D. at 57-58. Factors for the district court to consider in extending the 120 day period are "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999); *see* Advisory Committee Notes to *Fed. R. Civ. P. 4(m)* ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action."). Although the language of the Advisory Committee Notes does not guarantee an extension every time a case will be time-barred if refiled, the rationale for doing so is that "dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits." *AIG Managed Mkt. Neutral Fund*, 197 F.R.D at 109-110.

A Title VII action must be commenced within ninety days of receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see Oparaji v. New York City Dept. of Education*, No. 03-CV-4105, 2005 U.S. Dist. LEXIS 13043, at *18 (E.D.N.Y. June 14, 2005), *aff'd*, No. 05-3423, 2006 U.S. App. LEXIS 5692 (2d Cir. Mar. 3, 2006). Plaintiff filed her Complaint on the ninetieth day after she received her right to sue letter. Accordingly, as City Defendants acknowledge, if the

claims were dismissed without prejudice as per Rule 4(m), plaintiff would be barred from refiling her Title VII claims. However, City Defendants erroneously conclude that, for this reason, the claims should be dismissed. Instead, it is exactly because of this procedural problem that discretionary extensions are granted. In addition, City Defendants point to no prejudice from granting a discretionary extension. A court should not refuse to extend the time of service simply so that the defendant can benefit from the time-bar. *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 111 ("If [defendant] is purporting to assert that not permitting it to take advantage of an expired statute of limitations is itself a form of prejudice, that contention is erroneous."). Furthermore, the Second Circuit's "clearly expressed preference" is that litigation disputes be decided on the merits. *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 346 (S.D.N.Y. 1996) (citing cases). Therefore, plaintiff should be afforded the opportunity to have her claims decided on the merits and an extension will be granted nunc pro tunc.

**II. Plaintiff's NYSHRL and NYCHRL Discrimination Claims and Section 1983 Claims are Time-Barred.**

The statute of limitations for actions under 42 U.S.C. § 1983 is three years. *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). Plaintiff's discrimination claims under NYSHRL and NYCHRL are also subject to a three year statute of limitations. *Forsyth v. Fed'n Empl. & Guidance Serv.*, 409 F.3d 565, 572 (2d Cir. 2005). Plaintiff filed this action on July 14, 2004, over three years after the date of the alleged discriminatory incident, June 28, 2001.

The "continuing violations doctrine" does not yield a different conclusion. Plaintiff alleges a discrete incident of discrimination, and the doctrine requires a showing of a specific ongoing practice or policy of discrimination. *Amtrak v. Morgan,* 536 U.S. 101, 113 (2002) ("[D]iscrete

discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). In both the "Factual Averments" and the "Causes of Action" sections of her Complaint, plaintiff describes the discriminatory act as occurring on June 28, 2001 and does not allege an ongoing discriminatory practice or policy. *See* Complaint ¶¶ 26, 36-39. Indeed, she alleges retaliation as a result of filing a charge of discrimination "concerning the June 28, 2001 incident." Complaint ¶ 28. Accordingly, these claims are time-barred and will be dismissed with prejudice.

**III. Retaliation Claims**

***A. Title VII Claim against Individual Defendant Horn***

"[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995); *see also Patterson*, 375 F.3d at 221 ("[I]ndividuals are not subject to liability under Title VII."). Accordingly, the Title VII retaliation claim against individual defendant Horn must be dismissed.

***B. Standard under 12(b)(6)***

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In considering a motion to dismiss, the court must accept all of the factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

***C. Retaliation Claims against City and DOC***

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful

9

employment practice by this [subchapter], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [subchapter]." 42 U.S.C. § 2000e-3(a). City Defendants argue that plaintiff's claim of retaliation under Title VII must be dismissed as a matter of law because none of the alleged retaliatory events constitute an adverse action. They argue further that, if the court exercises supplemental jurisdiction over the State law and City law retaliation claims, the claims should be dismissed as a matter of law for the same reasons as the Title VII retaliation claim. Claims under the NYSHRL and the NYCHRL are "analyzed under the same substantive standards as claims brought under Title VII." *Payne v. MTA New York City Transit Authority*, 349 F. Supp. 2d 619, 629 (E.D.N.Y. 2004); *see Schiano v. Quality Payroll Systems*, 445 F.3d 597, 609 (2d Cir. 2006); *Mack v. Otis Elevator Co.*, 326 F.3d 116, 122 n.2 (2d Cir. 2003). Accordingly, the discussion below pertains to all retaliation claims against defendants City and DOC and to the NYSHRL and NYCHRL retaliation claims against defendant Horn.

In a recent decision, the United States Supreme Court held that, in an employment retaliation action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Railway Co. v. White*, 126 S. Ct. 2405, 2415 (2006) (rejecting the Sixth Circuit's standard that a plaintiff must show a materially adverse change in the terms and conditions of employment) (internal quotations omitted). The Court explained that the objective, "reasonable" employee standard "avoids the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings." *Id.* at 2415. "[A] legal standard that speaks in general terms rather

than specific prohibited acts is preferable, for an act that would be immaterial in some situations is material in others." *Id.* at 2416 (internal quotations omitted).

In *Burlington Northern*, the Court held that a plaintiff's reassignment to substantially less desirable duties that were "by all accounts more arduous and dirtier" constituted an action "a jury could reasonably conclude . . . would have been materially adverse to a reasonable employee." *Id.* at 2417. In the instant case, plaintiff alleges retaliation in many forms, including reassignment to areas with potential or actual inmate contact contrary to the requirements of MMR III status, denial of requested "Steady Tours" that were a matter of course for someone with her condition, and placement on modified duty where her shield was taken away, she could not wear a uniform and she was required to do menial and degrading tasks, a discipline reserved for officers found guilty of much more serious infractions.

Taking all of the alleged facts as true and drawing all reasonable inferences in the light most favorable to the plaintiff, at this stage of the litigation it cannot be determined as a matter of law that none of the alleged retaliatory acts would dissuade a reasonable employee from making a charge of discrimination and thus constitute a materially adverse action.

Finally, City Defendants argue that, by entering into the plea agreement where plaintiff agreed to accept a thirty day suspension with credit for time served and agreed to one year probation for various alleged infractions, she is estopped from claiming that the discipline imposed was retaliation. This argument is premature. Even if, after an opportunity for litigating the issue, an estoppel is found as to the allegations covered by the plea agreement, other allegations exist, which are not related to the plea agreement. Therefore, the retaliation claims cannot be dismissed as a matter of law. In sum, City Defendants' motion to dismiss will be denied as to all retaliation claims

against defendants the City and DOC and as to the NYSHRL and NYCHRL claims against Commissioner Horn.

## CONCLUSION

For the reasons discussed above, the City Defendants' motion to dismiss is granted as to all Section 1983 and NYSHRL and NYCHRL claims of failure to grant reasonable accommodation and pregnancy discrimination and the Title VII retaliation claim against individual defendant Commissioner Horn. City Defendants' motion to dismiss is denied as to the Title VII pregnancy discrimination claims, the Title VII retaliation claims against defendants City and DOC and the NYSHRL and NYCHRL retaliation claims against defendants City, DOC and Commissioner Horn.

SO ORDERED.

/S/

**NINA GERSHON**
**United States District Judge**

**Dated: Brooklyn, New York**
      **July 31, 2006**